UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN MAHONEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>J & J INDUSTRIES, INC., a Georgia corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:06-CV-06309-PJH<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the consent of the parties -- as evidenced by their signature below, and for good cause shown, the Court hereby issues this Protective Order, and it is accordingly,

ORDERED that the confidential contents and proprietary nature of all documents, testimony, answers to interrogatories and requests for production or admission and all other information in whatever form produced or given by any person, pursuant to order of this Court or pretrial discovery in this action (hereinafter "Discovery Materials") shall be protected and governed as follows:

1.　Any party may designate as confidential any Discovery Materials that are deemed in good faith by that party to embody, reflect, refer to or otherwise disclose (a) trade secrets; (b) information of a confidential or proprietary nature; (c) confidential or propriety information related to J & J Industries' sales data; (d) confidential information contained in the personnel files of current or former J & J Industries employees, including the Plaintiff; (e) Plaintiff's medical and tax records, or (f) information that would cause unreasonable annoyance, embarrassment, or oppression, by either physically marking them as "Confidential" or by separately producing and copying such information and notifying the discovering party in writing of their protected nature. A party may designate any portion of any deposition testimony as "Confidential" at any time prior

to or during a deposition. Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential" pages of the transcript in a letter to opposing counsel, and shall also inform the court reporter of his/her responsibilities under this Order.

2. Discovery Materials designated as confidential may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action; (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action; (c) in the case of a corporate party, the employees of the party; and (d) witnesses, court personnel and court reporters at any proceedings held in connection with this action. Once materials designated as confidential are introduced into evidence, they no longer retain the "Confidential" status unless the Court enters an order to the contrary upon a motion by any party to this action pursuant to and in compliance with the provisions of Civil L.R. 79-5 of the United States District Court for the Northern District of California.

3. Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

4. Upon termination of this action, including any appeals thereof, all copies of Confidential Discovery Materials shall be returned to the producing party, except that counsel may retain one copy of all such materials for his/her records. The ultimate disposition of protected materials filed with the Court is subject to a final order of the Court upon completion of this litigation.

5. If any party objects to another's designation of Discovery Materials as confidential, the objecting party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten (10) working days of its receipt. If the parties cannot resolve their dispute, the objecting party may, upon not less than five (5) working days notice to the designating party, apply

1  to the Court for a ruling on whether the materials shall continue to be treated as confidential under
2  the terms of this Protective Order.

3      6.    Nothing herein shall affect or restrict the rights of any party with respect to its own
4  documents.

5      7.    By the entry of this Order, the parties shall not be deemed to have waived any
6  objection available to them in response to any discovery request.

7      8.    This Order is without prejudice to the rights of any party to seek its modification or
8  amendment by further order of this Court. The parties have consented to the entry of this
9  Protective Order upon the express condition that they reserve the right to seek relief or
10 supplemental order of this Court if the provisions of this Protective Order would later result in
11 undue burden or expense or would undermine counsels' ability to represent their clients in this
12 case.

13     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14 Date: April 3, 2007        /s/
   Deborah R. Schwartz, Esq.
15    Attorney for Defendant, J & J INDUSTRIES, INC.
   Thelen Reid Brown Raysman & Steiner LLP
16    101 Second Street; Suite 1800
   San Francisco, CA 94105
17

18 Date: April 3, 2007        /s/
   Roderick P. Bushnell, Esq.
19    Diana L. Maier, Esq.
   Attorneys for Plaintiff, BRIAN MAHONEY
20    Bushnell, Caplan, Fielding & Maier, LLP
   221 Pine Street, Suite 600
21    San Francisco, CA 94104

22
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
23

24

25 _____
   Phyllis J. Hamilton
26    United States District Court Judge

27
   DATED:_____
28